| Case No. | CV 17-02295-BRO (PLAx) | Date | May 15, 2017 |
|---|---|---|---|
| Title | CASTLE V. LABORATORY CORPORATION OF AMERICA | | |

| Present: The Honorable | BEVERLY REID O'CONNELL, United States District Judge | |
|---|---|---|
| Renee A. Fisher | Not Present | N/A |
| Deputy Clerk | Court Reporter | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:**     (IN CHAMBERS)

## ORDER RE PLAINTIFF'S MOTION TO REMAND
## [10]

### I.     INTRODUCTION

Pending before the Court is Plaintiff Lisa Castle's ("Plaintiff") Motion to Remand. (Dkt. No. 10 (hereinafter, "Mot.").)  After considering the papers filed in support of and in opposition to the instant Motion, the Court deems this matter appropriate for resolution without oral argument of counsel.  *See* Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.  For the following reasons, the Court **DENIES** Plaintiff's Motion.

### II.     FACTUAL AND PROCEDURAL BACKGROUND

#### A.     Factual Background

Plaintiff, a resident of Los Angeles County, California, began working for Defendant Laboratory Corporation of America ("Defendant" or "LabCorp") on or about February 21, 2011.  (*See* Dkt. No. 1-1 ("Compl.") ¶ 8.)  Her duties and responsibilities included "checking patients in at the front desk, answering phones, drawing blood, employment screening, processing and transferring specimens, receiving drop-off orders, ordering and receiving supplies, cleaning, and stocking." (*Id.*)  In November 2014, Plaintiff was "potentially exposed" to a patient with tuberculosis.  (*Id.* ¶ 9.)  This potential exposure allegedly caused Plaintiff to experience shock, despair, stress, depression, and anxiety.  (*Id.* ¶¶ 9, 10.)  Due to this experience, Plaintiff took six months' leave of absence and subsequently returned to work on or about August 10, 2015.  (*Id.* ¶¶ 12, 13.)

LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 17-02295-BRO (PLAx) | Date | May 15, 2017 |
|---|---|---|---|
| Title | CASTLE V. LABORATORY CORPORATION OF AMERICA | | |

About a month after returning to work, Plaintiff gathered her personal belongings and placed them in an empty sharps container, which she allegedly intended to use to carry those belongings to her car so that she would not have to make two trips to her car. (Compl. ¶ 14.) On September 28, 2015, as a result of Plaintiff's removal of the sharps container from Defendant's premises, Defendant suspended Plaintiff's employment pending an investigation into her alleged theft of the sharps container. (*Id.* ¶ 15.) The next day, Plaintiff's supervisor, Erika Franco, called Plaintiff to inform her that she was terminated. (*Id.* ¶ 16.)

### B. Procedural History

Based upon the foregoing factual allegations, Plaintiff initiated this Action on February 21, 2017, in the Superior Court of California, County of Los Angeles ("Los Angeles Superior Court"). (*See generally* Compl.) Plaintiff brings the following causes of action against Defendant: (1) Retaliation in violation of the California Fair Employment and Housing Act ("FEHA"); (2) Wrongful termination in violation of public policy; and, (3) Failure to prevent retaliation in violation of FEHA. (*See* Compl.) On March 23, 2017, Defendant removed the Action to this Court, invoking this Court's diversity jurisdiction under 28 U.S.C. § 1332. (Dkt. No. 1 ("Removal") ¶ 3.) On April 21, 2017, Plaintiff filed the instant Motion to Remand. (*See* Mot.) On May 1, 2017, Defendant timely opposed the Motion. (*See* Dkt. No. 11 ("Opp'n").) On May 8, 2017, Plaintiff replied in support of her Motion. (Dkt. No. 12 ("Reply").)

### III. LEGAL STANDARD

Federal courts are of limited jurisdiction and possess only that jurisdiction which is authorized by either the Constitution or federal statute. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Pursuant to Section 1332(a)(1), a federal district court has jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs," and the dispute is between citizens of different states. The Supreme Court has interpreted § 1332 to require "complete diversity of citizenship," meaning each plaintiff must be diverse from each defendant. *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 67–68 (1996).

Under 28 U.S.C. § 1441(a), a civil action may be removed to the district court only if the plaintiff could have originally filed the action in federal court. This means removal

LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 17-02295-BRO (PLAx) | Date | May 15, 2017 |
|---|---|---|---|
| Title | CASTLE V. LABORATORY CORPORATION OF AMERICA | | |

is proper only if the district court has original jurisdiction over the issues alleged in the state court complaint. If a matter is removable solely on the basis of diversity jurisdiction under § 1332, it may not be removed if any properly joined and served defendant is a citizen of the forum state. *See* 28 U.S.C. § 1441(b)(2).

In determining whether removal in a given case is proper, a court should "strictly construe the removal statute against removal jurisdiction." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Id.* The removing party, therefore, bears a heavy burden to rebut the presumption against removal. *See id.* "[T]he court resolves all ambiguity in favor of remand to state court." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) (citing *Gaus*, 980 F.2d at 566).

## IV. DISCUSSION

Plaintiff seeks to have the instant case remanded to Los Angeles Superior Court. Plaintiff principally argues that Defendant failed to establish that the amount in controversy in this case exceeds $75,000. (*See* Mot. at 1.) As explained below, the Court finds that the Plaintiff alone is domiciled in California; thus, complete diversity exists between the parties. Further, the Court finds that Defendant establishes, by a preponderance of the evidence, that the amount in controversy requirement is met. As a result, the Court finds that the Defendant has met its burden of rebutting the presumption against removal and that the Court has subject matter jurisdiction over the dispute. Thus, the Court finds remand inappropriate.

### A. Complete Diversity Exists Between the Parties

The complete diversity requirement is met in this Action. A natural person's state citizenship is determined by her state of domicile, not her state of residence. A person's domicile is her permanent home, where she resides with the intention to remain or to which she intends to return. *See Lew v. Moss*, 797 F.2d 747, 749 (9th Cir. 1986). A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state. *See, e.g., Weible v. United States*, 244 F.2d 158, 163 (9th Cir. 1957). "The intention to remain may be established by factors such as: current residence; voting registration and practices; location of personal and real property; location of brokerage and bank accounts; location of spouse and family; membership in

LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 17-02295-BRO (PLAx) | Date | May 15, 2017 |
|---|---|---|---|
| Title | CASTLE V. LABORATORY CORPORATION OF AMERICA | | |

unions and other organizations; place of employment or business; driver's license and automobile registration; and payment of taxes." *Kyung Park v. Holder*, 572 F.3d 619, 625 (2009) (citing *Lew*, 797 F.2d at 750). Plaintiff alleges that she is an individual residing in the County of Los Angeles, California, and that she was employed for a substantial period at a branch of Defendant's business, which branch is also located in California. (*See* Compl. ¶¶ 3, 6.) Plaintiff's residence and employment in California are sufficient evidence of her intent to remain in California. No allegation, argument, or evidence before the Court suggests that Plaintiff's domicile is outside of California. Therefore, the Court finds that Plaintiff's California citizenship is sufficiently established.

A corporation is a citizen of any state in which the corporation is incorporated, and the one state in which it maintains its principal place of business. 28 U.S.C. §1332(c)(1). A corporation's principal place of business is the state in which the corporation maintains its headquarters; the nerve center from which the corporation is actually directed, controlled, and coordinated. *Hertz v. Friend*, 559 U.S. 77, 93 (2010). Plaintiff alleges (and Defendant agrees) that Defendant is a Delaware corporation. (*Compare* Compl. ¶ 2; *with* Removal ¶ 6.) Defendant is headquartered in North Carolina. (Removal ¶ 7.) LabCorp is a citizen of Delaware, its state of incorporation, and North Carolina, the state in which LabCorp maintains its headquarters. (*See* Compl. ¶ 2; Removal ¶¶ 6, 7.) Accordingly, the Court finds that Defendant's non-California citizenship is established for purposes of diversity jurisdiction. Based upon the foregoing, the Court concludes that the diversity of citizenship requirement is met.

### B. Amount in Controversy

When a defendant removes a complaint to federal court, the defendant's burden with respect to the amount in controversy varies depending on the circumstances. *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007). "[W]here it is unclear or ambiguous from the face of a state-court complaint whether the requisite amount in controversy is pled," the applicable standard is by a preponderance of the evidence. *Id.* This requires that the defendant offer evidence establishing that it is more likely than not that the amount in controversy exceeds $75,000, exclusive of costs and interest. *Id.* (citing *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996)). Section 1332(a)'s amount-in-controversy requirement excludes only "interest and costs" and therefore includes attorneys' fees. *Guglielmino*, 506 F.3d at 700. In

LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 17-02295-BRO (PLAx) | Date | May 15, 2017 |
|---|---|---|---|
| Title | CASTLE V. LABORATORY CORPORATION OF AMERICA | | |

considering whether the removing defendant has satisfied its burden, the court "may consider facts in the removal petition." *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997). Plaintiff argues that Defendant failed to meets its burden of demonstrating that the amount in controversy is met because "Defendant's [Removal] summarily alleges that Plaintiff earned '$17.2533 per hour' and 'would have earned at least $51,069.768 in straight time pay' . . . ." (*See* Mot. at 3.) According to Plaintiff, "[s]uch conclusory assertions do not 'prov[e] facts to support the jurisdiction, including the jurisdictional amount' because they are not supported by any evidence." (*Id.* citing *Gaus*, 980 F.2d at 566.)

The amount in controversy is unclear from the face of the Complaint. (*See* Compl.) Nevertheless, Defendant asserts that the amount in controversy exceeds $75,000. (Removal at 11–14; Opp'n at 7–11.) To support this claim, Defendant LabCorp shows that Plaintiff seeks lost wages and employment benefits, punitive damages, emotional distress damages, and attorneys' fees. (*See* Opp'n 7–11; *see also* Removal at 11–14.) Defendant offers the Declaration of Kathryn Hivick, Human Resources Director of Employee Relations for Defendant, in support of its calculations of the amount in controversy in this Action. (*See* Dkt. No. 11-1, Declaration of Kathryn Hivick ("Hivick Decl.").)

### 1. Lost Wages

First, Defendant explains that Plaintiff was a full time employee for the duration of her employment, at an hourly rate of $21.80 at the time of her termination. (*See* Hivick Decl. ¶ 9.) Based on Plaintiff's pay rate and duration of employment, Defendant approximates that the alleged lost wages, benefits, and earnings that accrued in the 75 weeks between Plaintiff's termination in September 2015 and the date of removal would amount to over $73,000.00.[1] (*See* Opp'n at 11; Hivick Decl. ¶ 11.) Defendant also offers

---

[1] Plaintiff's argument that "Defendant provides no evidence in support of [the assumption that Plaintiff regularly worked forty hours per week,]" (*see* Reply at 4), is unpersuasive to the Court. Plaintiff's offer of employment letter reads in relevant part: "Your starting date will be February 21, 2011. Your normal working hours will be scheduling during the First (1) Shift, full time (40 hours per week). These hours may vary based on business need and/or the request(s) of your supervisor or management." (*See* Hivick Decl., Ex. B.) Additionally, the "Change Memorandum" indicates that Plaintiff was a "Full Time"

LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 17-02295-BRO (PLAx) | Date | May 15, 2017 |
|---|---|---|---|
| Title | CASTLE V. LABORATORY CORPORATION OF AMERICA | | |

evidence that Plaintiff's paid leave accrual from the date of her termination through Defendant's Removal equals $5,755.20. (See Hivick Decl. ¶ 9.) And Defendant offers evidence supporting a calculation of vision, dental, and 401K benefits amounting to at least $2,000. (See Hivick Decl. ¶ 10.) Plaintiff responds in her Reply that she has mitigated her damages in the amount of about $45,000, and that "unsupported statements made by a human resources manager in a declaration" are insufficient to support Defendant's assertion of paid leave bank accrual and benefits owed to Plaintiff. (See Reply at 4–5 (citing *Melendez v. HMS Host Family Restaurants, Inc.*, No. CV 11-3842 ODW CWX, 2011 WL 3760058, at *3 (C.D. Cal. Aug. 25, 2011)). The Court agrees, and thus, will assume that Plaintiff's lost wages amount to about $20,400.

### 2. Emotional Distress Damages

Defendant also argues that Plaintiff's Complaint seeks emotional distress damages. The Court agrees. Plaintiff repeatedly alleges that she suffered "extreme and severe mental anguish and emotional distress" which cause Plaintiff to incur professional health treatment, and thus entitles Plaintiff to general and compensatory damages. (*See, e.g.*, Compl. ¶ 31.) "Emotional distress damages are properly considered in the amount in controversy for jurisdiction purposes." *Sasso v. Noble Utah Long Beach, LLC*, No. CV 14-09154-AB (AJWx), 2015 WL 898468, at *6 (C.D. Cal. Mar. 3, 2015). Plaintiff claims in her Reply that "Defendant has not offered a single shred of evidence that [she] has suffered any specific monetary amount of non-economic damages." (Reply at 6.) However, "[t]o establish the amount of emotional distress in controversy, a defendant may introduce evidence of jury verdicts in other cases." *Cain v. Hartford Life & Accident Ins. Co.*, 890 F. Supp. 2d 1246, 1250 (C.D. Cal. 2012).

Defendant has done so here. (*See* Opp'n at 8–9 (citing *Kolas v. Access Business Group LLC*, 2008 WL 496470 (Sup. Ct. Cal. Jan. 14, 2008) (disability discrimination case resulting in $200,000 non-economic damages award); *Lopez vs. Bimbo Bakeries USA Inc.*, (Sup. Ct. Cal. June 21, 2007) (retaliation case resulting in $122,000 non-economic damages and $2,000,000 punitive damages awards); *Ko v. Square Group, LLC*, Case No. BC 487739 (Sup. Ct. Cal. June 16, 2014) (disability discrimination case resulting in emotional distress damages of $125,000); *Kroske v. U.S. Bank Corp.*, 432

---

employee. (*See* Dkt. No. 11-1, Ex. A.) This evidence is sufficient to prove that, more likely than not, Plaintiff's employment would normally require her to work forty hours per week.

LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 17-02295-BRO (PLAx) | Date | May 15, 2017 |
|---|---|---|---|
| Title | CASTLE V. LABORATORY CORPORATION OF AMERICA | | |

F.3d 976, 980 (9th Cir. 2005), *as amended on denial of reh'g and reh'g en banc* (Feb. 13, 2006) (finding no clear error in district court's conclusion that emotional distress damages in FEHA action "would add at least an additional $25,000 to [plaintiff's] claim.")).)

In each of these California cases, the jury awarded the plaintiff non-economic damages in excess of $75,000. And in *Kroske*, the Ninth Circuit found no error in a district court's estimation that at least $25,000 in emotional distress damages could result from a plaintiff's verdict in a FEHA action. Based upon the foregoing verdicts, as well as this Action's characteristics, which include claims for wrongful termination/retaliation, and prayer for emotional distress damages, the Court finds that Defendant has established by a preponderance of the evidence that an award of non-economic, emotional distress damages of at least $25,000 could result from a verdict in favor of Plaintiff.

### 3. Statutory Attorneys' Fees

Plaintiff also seeks attorneys' fees. (*See* Compl. at 6.) Section 1332(a)'s amount-in-controversy requirement excludes only "interest and costs" and therefore includes attorneys' fees. *Guglielmino*, 506 F.3d at 700. "The reasonableness of attorney's fees, when such fees are unascertainable on the face of the complaint, can be calculated by looking to other attorney's fees awards in similar cases." *Sasso v. Noble Utah Long Beach, LLC*, No. CV 14-09154-AB AJWX, 2015 WL 898468, at *5 (C.D. Cal. Mar. 3, 2015). Defendant offers other FEHA-action damage awards to show that attorneys' fees awards in such actions can range between $30,000 and $818,000. (*See* Opp'n at 10–11.) A court in this district explained that,

> [e]mployment claims have been found to 'require substantial effort from counsel.' [citation omitted] This [c]ourt and others have held that a reasonable rate for employment cases is $300 per hour. Recent estimates for the number of hours expended through trial for employment cases in this district have ranged from 100 to 300 hours. [citation omitted] Therefore, 100 hours is an appropriate and conservative estimate. Accordingly, attorneys' fees in this case may reasonably be expected to equal at least $30,000 (100 hours x $300 per hour).

LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 17-02295-BRO (PLAx) | Date | May 15, 2017 |
|---|---|---|---|
| Title | CASTLE V. LABORATORY CORPORATION OF AMERICA | | |

*Sasso*, 2015 WL 898468, at *6 (citing *Garcia v. ACE Cash Express, Inc.*, No. SACV 14–0285–DOC, 2014 WL 2468344, at *5 (C.D. Cal. May 30, 2014); *Melendez*, 2011 WL 3760058, at *4; *Brady v. Mercedes–Benz USA, Inc.*, 243 F. Supp. 2d 1004, 1011 (N.D. Cal. 2002)).

But courts in this circuit disagree as to whether the amount of attorneys' fees considered should be only those incurred at the time of removal, *see Fortescue v. Ecolab Inc.*, No. CV 14-0253 FMO (RZx), 2014 WL 296755, at *3 (C.D. Cal. Jan. 28, 2014), or whether the amount should include a forecast for the reasonable attorneys' fees incurred through trial, *see Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1034–35 (N.D. Cal. 2002).[2] Regardless, Plaintiff's counsel has clearly incurred *some* amount of fees, even at the time the Action was removed.

### 4. Punitive Damages

Plaintiff also seeks punitive damages. (*See* Compl. ¶ 32; *see also* Opp'n at 8–9.) Plaintiff claims that "the Court should not weigh punitive damages in determining whether the amount in controversy has been met." (Reply at 8.) But "'[i]t is well established that punitive damages are part of the amount in controversy' for purposes of

---

[2] Plaintiff claims that "[t]he only attorneys' fees which can be considered in determining whether the amount in controversy has been met are those fees which have accrued up until the date remand is considered." (Mot. at 4.) "[C]ourts in the Ninth Circuit are split as to whether a court should consider only attorneys' fees incurred as of the time of removal or fees reasonably likely to be incurred after the date of removal." *Bigby v. DS Waters of Am. Inc.*, No. CV 12-01362 MMM CWX, 2013 WL 394876, at *7 (C.D. Cal. Jan. 30, 2013); *see also Barbosa v. Transp. Drivers, Inc.*, No. ED-CV-15-1834-DMG-DTBX, 2015 WL 9272828, at *4 (C.D. Cal. Dec. 18, 2015) ("district courts in the Ninth Circuit 'are split as to whether a court should consider only attorneys' fees incurred as of the time of removal or fees reasonably likely to be incurred after the date of removal.'"); *Brady*, 243 F. Supp. 2d at 1011 n.4 ("While an estimate of the amount in controversy must be made based on facts known at the time of removal, that does not imply that items such as future income loss, damages, or attorneys fees likely to be incurred cannot be estimated at the time of removal"); *Faulkner v. Astro-Med, Inc.*, No. C 99-2562 SI, 1999 WL 820198, at *4 (N.D. Cal. Oct. 4, 1999) ("When estimating attorney's fees for the purposes of establishing jurisdiction, the only fees that can be considered are those incurred as of the date of removal . . . ."). The Court need not decide this issue at this time, because Defendant's evidence regarding Plaintiff's lost earnings/benefits, emotional distress damages, and request for punitive damages suffices to establish by a preponderance of the evidence that the amount in controversy requirement is met in this Action.

LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 17-02295-BRO (PLAx) | Date | May 15, 2017 |
| --- | --- | --- | --- |
| Title | CASTLE V. LABORATORY CORPORATION OF AMERICA | | |

establishing diversity jurisdiction." *Sasso*, 2015 WL 898468, at *6 (quoting *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001)); *see Davenport v. Mutual Ben. Health & Acc. Ass'n*, 325 F.2d 785, 787 (9th Cir. 1963) ("If made in good faith, punitive damages may be included in computing the amount necessary for federal jurisdiction.").

Defendant provides several employment discrimination cases in which juries awarded punitive damages. (*See* Opp'n at 8–9 (citing *Ko v. Square Group, LLC*, Case No. BC 487739 (Sup. Ct. Cal. June 16, 2014) (disability discrimination case resulting in punitive damages award of $500,000); *Stevens v. Von Companies, Inc.*, Case No. SC041162, 2006 WL 4543812 (Sup. Ct. Cal. Oct. 1, 2006) (sex discrimination case resulting in punitive damages award of $475,000); *Ortiz v. 25th Century Services Inc.*, Case No. CIV236289 (Sup. Ct. Cal. Oct. 1, 2006) (pregnancy discrimination case resulting in punitive damages award of $20,000)).)

Though, as Plaintiff notes, the facts in these cases are not identical to the instant case, (*see* Reply at 8), the Court finds these cases instructive, *see Simmons*, 209 F. Supp. 2d at 1033 ("The fact that the cited cases involve distinguishable facts is not dispositive."). "Notwithstanding these [factual] differences, the jury verdicts in these cases amply demonstrate the potential for large punitive damage awards in employment discrimination cases." *Id.*; *see also Hurd v. Am. Income Life Ins.*, No. CV-13-05205 RSWL-MRS, 2013 WL 5575073, at *7 (C.D. Cal. Oct. 10, 2013) ("Punitive damages and emotional distress damages in disability discrimination cases can be 'substantial' even when lost wages fall short of the jurisdictional minimum."). Therefore, it appears likely that an award of punitive damages alone could exceed the amount necessary to meet the jurisdictional minimum.

Thus, after aggregating Plaintiff's economic damages likely totaling at least $20,000 (assuming the truth of Plaintiff's mitigation calculations, and a complete lack of benefits or overtime pay), her noneconomic damages (which may result in award as high as $200,000 per *Kolas* or $25,000 per *Kroske*), her requested punitive damages (which may alone satisfy the amount in controversy), and attorneys' fees, the Court finds that the amount in controversy will more likely than not exceed $75,000. *See Simmons*, 209 F. Supp. 2d at 1035 ("While attorneys' fees alone would not necessarily exceed $75,000, when viewed in combination with alleged compensatory, punitive, and emotional distress damages, the jurisdictional minimum is clearly satisfied.").

LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 17-02295-BRO (PLAx) | Date | May 15, 2017 |
|---|---|---|---|
| Title | CASTLE V. LABORATORY CORPORATION OF AMERICA | | |

## V. CONCLUSION

In light of the foregoing, the Court finds that Defendant has amply met its burden of demonstrating that, more likely than not, the amount in controversy in the instant Action exceeds $75,000. Accordingly, the Court rules that the amount in controversy and complete diversity requirements are met, and thus, the Court properly has subject matter jurisdiction over Plaintiff's Action. Therefore, the Court **DENIES** Plaintiff's Motion to Remand. The hearing scheduled for May 22, 2017 is hereby **VACATED**.

**IT IS SO ORDERED.**

:

Initials of Preparer    rf